UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

November 21, 2006

Herbert J. Tan
744 Broad Street
16th Floor
Newark, NJ 07102
*Attorney for Plaintiff*

Bennet Dann Zurofsky
Reitman Parsonnet
744 Broad Street
Suite 1807
Newark, NJ 07102
*Attorney for Defendant*

      Re:    Valiente v. Int'l Ass'n of Machinists and Aerospace Workers, et al.
            Civil Action No. 05-2720 (WJM)

Dear Counsel:

      This matter comes before the Court on Defendant's June 16, 2006 motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons outlined below, this motion will be **GRANTED** and the Complaint **DISMISSED**.

### I.    Background

      Plaintiff filed the Complaint on May 25, 2005 bringing tort and labor claims against his union, Defendant International Association of Machinists and Aerospace Workers ("IAM"), unnamed IAM employees, and an unnamed corporation seeking unspecified monetary damages and fees relating to IAM's representation of Plaintiff in a dispute over his termination by Continental Airlines. Neither the IAM employees nor the corporation are defined further in the Complaint, and only IAM has appeared.

      Plaintiff was a flight attendant for Continental accused of harassing passengers on October 17, 2003. IAM was the collective bargaining representative for Continental employees pursuant to a collective bargaining agreement ("CBA"); Continental and IAM are also parties to a CBA. Following

an internal investigation and a series of meetings at which Plaintiff was assisted by IAM representative Greg Jenkins, on November 4, 2003, Plaintiff's employment at Continental was terminated.

With Mr. Jenkin's assistance, Plaintiff filed a grievance challenging his termination and authorizing Defendant to represent him in all stages of the grievance procedure. The grievance procedure has three steps: in step one a hearing is conducted by the IAM Base Chairperson before the Continental Base Director. If step one does not result in satisfactory resolution, the IAM Base Chairperson may refer the matter to an IAM District General Chairperson who may initiate a step two appeal to the Continental Vice President, Inflight. Finally, if step two is unsuccessful, IAM may appeal the step two denial to the System Board of Adjustment which is similar to arbitration. The successive steps of the grievance process may only be invoked by IAM and not an aggrieved party.

IAM represented Plaintiff in a step one hearing on February 4, 2004. Plaintiff was unsuccessful at step one, and IAM proceeded to a step two appeal which Continental denied on April 27, 2004. At this point, IAM contends it had no confidence in Plaintiff's potential to succeed at a step three arbitration and determined instead to pursue negotiations throughout the summer. Plaintiff, however, claims he was not immediately informed of the step two denial and improperly lost his chance at arbitration; this is the crux of Plaintiff's claim against Defendant.

At some point in mid October 2004, Plaintiff had a telephone conversation Brent Thompson of IAM at which point Mr. Thompson informed Plaintiff that IAM would not be going forward with his case to step three arbitration. It is clear from deposition testimony that Plaintiff understood Defendant would not pursue his case to arbitration and asked for a letter to that effect. (Valiente Depo. at 78:18-79:16.) By letter dated October 18, 2004 Defendant attached a copy of the step two decision and informed Plaintiff that it would not pursue his case through appeal and arbitration.

## II.     Standard for Summary Judgment Pursuant to Rule 56

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    Defendant's Motion for Summary Judgment is GRANTED Because Plaintiff's Claims are Time-Barred

As an initial point, Defendant correctly argued, and Plaintiff conceded in his reply brief, that Plaintiff's claims all actually arise out of the duty of fair representation and pursuant to the Railway Labor Act (the "RLA"), 45 U.S.C. §§ 151 *et seq.* (Def. Br. at 9; Pl. Reply Br. at 5). *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *Bensel v. Allied Pilot's Ass'n*, 387 F.3d 298, 322 (3d Cir. 2004).

2

"It is undisputed that the statue of limitations for a duty of fair representation claim against a union under the RLA is six months." *Bensel*, 387 F.3d at 304. The limitations period begins to run when "the futility of further union appeals becomes apparent or should have become apparent." *Id.* at 305. The Third Circuit has also stated accrual as that point "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Miklavic v. USAir, Inc.*, 21 F.3d 551, 556 (3d Cir. 1994) (citations omitted). Clearly, in the context of a dispute over handling a grievance, the limitations period begins to run if "the Plaintiff receives notice that the union will proceed no further with the grievance." *Hersh v. Allen Prods. Co., Inc.,* 789 F.2d 230, 232 (3d Cir. 1986) (citations omitted).

Plaintiff admits that he learned of Defendant's refusal to continue to step three and arbitration during his conversation in mid October 2004. He also admits to having received Defendant's October 18, 2004 without delay. (Valiente Depo. at 75:12-17.) However, despite having clearly discovered, by at least October 18, 2004, that IAM would not be going forward with his appeal, Plaintiff waited over seven months, until May 25, 2005 to file his Complaint. Therefore, the Complaint is time-barred.

## IV.     Conclusion

In sum, Plaintiff's Complaint, filed more than six months after accrual of his cause of action, is time-barred. Therefore, Defendant's motion for summary judgment is **GRANTED**, and the Complaint is **DISMISSED.** An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**

cc:     The Hon. Ronald J. Hedges, U.S.M.J.